OPINION
The State is appealing the decision of the trial court overruling the State's motion to disqualify counsel for defendant, Thomas E. Turner. This court granted leave to the State to file an appeal pursuant to R.C.2945.67.
A preliminary question in this case is whether the denial of the motion to disqualify counsel for defendant in a criminal case is a final appealable order. Acting with the discretion granted us by R.C. 2945.67(A), we allowed the appeal, but this decision is not to be taken as precedent on whether or not the denial of the motion to disqualify defense counsel is a final appealable order.
The operative facts and rationale of the trial court's decision are concisely set forth in its decision and opinion, as follows:
 This case is before the Court pursuant to the State's motion filed September 5, 2000, to disqualify Anthony Cicero as defendant's trial counsel. Defendant responded thereto with a memorandum in opposition filed September 13, 2000.
 The State argues that the Public Defender's office's representation, on three (3) occasions (the most recently being in 1997), of the State's victim on the current case, presents conflict of interest and appearance of impropriety, ethical issues that mandate Mr. Cicero's disqualification. Mr. Cicero argues that his client is fully apprised of the situation and wishes for Mr. Cicero to continue as his counsel and that no actual conflict of interest has been demonstrated by the State.
 No evidentiary hearing was conducted on the motion. The memoranda of counsel provide a sufficient basis to inform the Court of the factual framework.
 Upon duly considering the matter, the Court OVERRULES the motion. The Public Defender's office's last representation of Mr. Sheffield was over three (3) years ago; prior defense counsel, Michael Lewis, does not recall the prior representations; the office files are no longer maintained in the Public Defender's office; and Mr. Cicero represents that he has not and will not attempt to review said files. Based on the foregoing, the Court finds nothing unique here that would make Mr. Sheffield uncomfortable, that places a special burden on the State, or that may have provided special information to the Public Defender's office. Given the circumstances presented, the Court finds no actual conflict of interest and no real appearance of impropriety.
 The motion is OVERRULED.
The State points out in its brief that the trial court never questioned the defendant personally as to whether or not he has waived his potential conflict of interest. It is clear that we are dealing with a potential conflict of interest, not an actual one as yet, and the law in Ohio is clear that disqualification of defense counsel is appropriate only if the court finds that an actual conflict exists, not merely the potential of one. State v. Gillard (1992), 64 Ohio St.3d 304, syllabus.
During oral argument, counsel for the defendant represented that his client had indeed been questioned, at least by him, as to whether he wished his present counsel to continue his representation of him, but that the transcript of this questioning had been irretrievably lost and is not part of the record before us. We do find that Turner's wishes in this matter are of paramount importance, and it is not enough for defendant's counsel to represent to the trial court "that his client is fully apprised of the situation and wishes for Mr. Cicero to continue as his counsel . . ." Trial court decision at 1. The trial court in all such cases should inquire directly of the defendant whether he wishes his counsel to continue to represent him and that the defendant has full knowledge of the potential conflict of interest.
We therefore reverse and remand for a hearing limited to the sole issue of whether or not the defendant has waived any potential conflict of interest, is fully aware of the situation, and so wishes to retain his present counsel. The decision overruling the motion to disqualify counsel is reversed, and the case is remanded for the limited purpose stated above.
FAIN, J. and GRADY, J., concur.